ALEXANDER MAYBERRY, Appellant, v. FRUIN-COLNON CONTRACTING COMPANY.—37 S. W. (2d) 574.

Division One, March 31, 1931.

*Bartley & Mayfield* for appellant.

*Jones, Hocker, Sullivan & Angert* and *W. A. McCaleb* for respondent.

GANTT, P. J.—The petition in this case was filed in the Circuit Court of the City of St. Louis on March 16, 1927. It was alleged that on and prior to November 10, 1926, plaintiff was in the service of defendant as a laborer and that during the course of his employment on said day he sustained injuries as a direct result of the negligence of defendant, to his damage in the sum of $20,000.

The answer was a general denial and a plea in abatement. It was therein alleged that the circuit court was without jurisdiction to hear and determine the cause for the reason the Workmen's Compensation Act was in force and effect on November 10, 1926, and therefore the Workmen's Compensation Commission had exclusive jurisdiction of plaintiff's injury.

Replying, plaintiff admitted said act was referred to a vote of the people on November 2, 1926, and that a majority of the votes cast were in favor of said act, but alleged his injury did not fall within the jurisdiction of the Workmen's Compensation Commission, for the reason there was no such commission with which he could file a written notice rejecting the act, and further alleged that a denial of the right of trial by jury without an opportunity to reject the act would be in violation of Section 28, Article II, Constitution of Missouri. On the trial it was stipulated as follows:

"It is stipulated between the parties to this suit and admitted by the respective attorneys for the plaintiff and defendant, that on the 30th day of April, 1925, the Governor of the State of Missouri, duly approved an act passed by the General Assembly of Missouri, known and designated as the Workmen's Compensation Act, and that, thereafter, in due time said act was referred by the regular procedures under the Referendum Act of the State of Missouri, and was voted on by the voters of this State at the regular November election held on November 2, 1926, and the majority of votes cast at said election were in favor of said act; that the defendant in this case, Fruin-Colnon Contracting Company, had regularly employed more than ten men at the times referred to, and on the date mentioned in this case, and was a major employer

within the meaning of said Workmen's Compensation Act, and that the contract of employment in this case took place within the State of Missouri. It is further agreed that no notice of rejection of the Workmen's Compensation Act was filed with the Commission by the plaintiff in this case prior to the happening of his accident which occurred on the 10th day of November, 1926, or subsequent thereto, and that no commission was appointed by the Governor of the State of Missouri, as provided for in said act, until the 16th day of November, 1926, and that was the date of the appointment of the Commission, November 16, 1926.''

Thereafter and during the examination of a witness, the court sustained the objection of defendant to the introduction of evidence for the reason the Workmen's Compensation Act was in force and effect at the time of plaintiff's injury, and therefore the circuit court was without jurisdiction to hear and determine the cause. In this situation an involuntary nonsuit was taken by plaintiff, with leave to move to set the same aside. The motion to set aside the nonsuit was overruled, and plaintiff appealed.

In State ex rel. Elsas v. Missouri Workmen's Compensation Commission, 318 Mo. 1004, 2 S. W. (2d) 796, a mandamus proceeding, we held that the Workmen's Compensation Act went into effect from and after the referendum vote on November 2, 1926, and we directed the commission to take jurisdiction of a compensation claim growing out of an injury sustained on November 4, 1926. The question here presented was not considered and determined in that case.

Did plaintiff's injury fall within the provisions of the Missouri Compensation Act? We do not think so. The act is contractual and elective. [State ex rel. Syrup Co. v. Compensation Commission, 320 Mo. 893, 8 S. W. (2d) 897.] Therein it is provided as follows:

''Every employer and every employee . ¸ . shall be conclusively presumed to have elected to accept the provisions of this act and respectively to furnish and accept compensation as herein provided, unless prior to the accident he shall have filed with the commission a written notice that he elects to reject this act.'' [Laws 1927, p. 492.]

Now, while the law was in effect at the time of plaintiff's injury, there can be no presumption that he elected to accept the act for the reason he did not have an opportunity to reject it. In other words, the presumption rests on the existence of a commission with which a notice of rejection may be filed. Absent an opportunity to reject, there could not be a meeting of minds on the question.

For this reason no presumption arose from plaintiff's failure to reject the Act. He had no opportunity to do so.

The judgment should be reversed and the cause remanded with directions to set aside the nonsuit and grant plaintiff a new trial. It is so ordered. All concur.