THE STATE EX REL. BREWEN-CLARK SYRUP COMPANY v. MISSOURI WORKMEN'S COMPENSATION COMMISSION, ALROY S. PHILIPS ET AL.—8 S. W. (2d) 897.

Court en Banc, July 30, 1928.

*Mosman, Rogers & Buzard* for relator.

*North T. Gentry.* Attorney-General. *L. Cunningham* and *T. H. Antrobus.* Assistant Attorneys-General. for respondents.

RAGLAND, J.—Original proceeding in prohibition. The facts are not in dispute, and the parties agree as to the questions of law involved. An adequate statement of both appears in relator's brief as follows:

"Relator filed in this court its petition for writ of prohibition, in which it alleged its corporate existence and the proper legal status of respondents, and that W. M. Amick, a resident of Jackson County, Missouri, entered the employ of relator under contract dated January 1, 1926, as a traveling salesman to travel in the States of Missouri, Kansas and Oklahoma; that at a date after the Compensation Act became a law, and prior to January 1, 1927, in the State of Missouri, said employee was directed by relator to make a trip to Bartlesville, Oklahoma, and said Amick claims that while on said trip he received an injury due to slipping upon ice upon a public sidewalk in the city of Bartlesville, State of Oklahoma; that Amick claims that said accident and the injuries resulting therefrom arose out of and in the course of his employment and he claims that he is entitled to compensation under the Workmen's Compensation Act of the State of Missouri; that respondents have notified relator that claim for compensation has been made by Amick, and respondents have required relator to make answer to said claim, and respondents have assumed jurisdiction of said claim; that relator has filed an answer to said claim with respondents, by which answer relator denies that Amick is entitled to compensation, because the injury occurred in Oklahoma, and is therefore to be governed by the laws of that State and is not subject to the Compensation Act of Missouri; that respondents intend to and are about to proceed with an adjudication of the rights of Amick and to an award of compensation.

"The prayer of the petition is for an order of prohibition directed to respondents prohibiting them from further proceeding in the matter of Amick's claim for compensation.

"The issues of law are:

"1. Does the respondent commission have the power to make a valid and enforcible award for compensation to an employee working under a contract of employment made in this State, when such employee is injured while performing his duties for his employers, in a foreign State?

"2. Is prohibition the proper remedy to determine the question?"

I. Respondents insist that prohibition does not lie in this case, for the reason, as they alleged, "that the Missouri Workmen's Com-

pensation Commission is not a court, tribunal or body exercising judicial functions, but that its duties and powers are purely administrative." It must be conceded that the Commission is not invested with judicial power in the sense in which that term is used in Article III of the Constitution, providing for the distribution of the powers of government. [Underwood v. McDuffee, 15 Mich. 361; Hunter v. Coal Company, 175 Iowa, 245, 307-318.] But it is authorized to hear and determine controversies between employer and employee; and while it cannot in any case enforce its findings and award, such findings and award have the force and effect of the verdict of a jury and in the same way become the basis for a court judgment. [Secs. 40, 41, 44 and 45, Workmen's Compensation Act, Laws 1927, pp. 511-512.] In hearing and determining the facts the Commission clearly performs a judicial function. And we have long held that the writ of prohibition is applicable whenever judicial functions are assumed which do not rightfully belong to the person or court assuming to exercise them; that it is the nature of the act, and not the character of the board or tribunal proceeded against, which determines the propriety of the writ. [State ex rel. v. Harty, 276 Mo. 583, 208 S. W. 835.]

It is also true, as respondents contend, that relator could have had an adequate judicial review of the findings and rulings of the Commission in the pending matter, including questions of its usurpation of power, had it followed the procedure outline in Section 44 of the act, and that we could properly have refused to entertain this proceeding on the grounds set forth in our Rule 32. But the Workmen's Compensation Act, though similar to many of those adopted in other states, is new; and for that reason its operations may be delayed in numerous instances awaiting judicial construction of its provisions. We have therefore deemed it to be in the public interest to put at rest at the earliest possible moment the questions presented on this record.

II. 1. Section 12 of the act provides:

"(b) This act shall apply to all injuries received in this State, regardless of where the contract of employment was made, and also to all injuries received outside of this State under contract of employment made in this State, unless the contract of employment in any case shall otherwise provide." [Laws 1927, p. 498.]

Relator contends that the provision, to the extent that it relates to injuries received outside of this State, is void. The main ground urged in support of the contention is that "the legislative power cannot be exercised to control a cause of action arising beyond the

boundaries of the State." A brief examination of the nature of relator's obligation to its employee will disclose the inapplicability of the principle invoked. The Workmen's Compensation Act of this State is elective. The acceptance of its provisions is entirely optional with both employer and employee. When accepted by them it enters into and becomes an integral part of the contract of employment. The act was adopted after the employment of Amick by relator; but as both accepted it, as must be assumed from the record here, it immediately became a part of, and to the extent of all its terms and provisions supplemented, the contract of employment existing between them. Such contract was made in this State, and, with respect to the payment and the acceptance of compensation for injury in case of accident—wherever it occurred—was to be performed in this State; consequently all questions relating to its construction and the legal obligations arising from it are to be determined according to the laws of this State. By its terms relator agreed to pay and Amick, the employee, agreed to accept compensation in case of accident in accordance with the provisions of the act. These mutual promises are binding upon the parties and enforcible in any jurisdiction the same as any other contract.

The cause of action alluded to by relator accrued, not from the commission of a tort in Oklahoma, but through the breach of a contractual obligation which was entered into in Missouri and which was to be performed in this State. The breach consisted of relator's refusal to pay the stipulated compensation.

The foregoing views have the support of the authorities generally, many of which are reviewed in Crane v. Leonard, 214 Mich. 218.

2. Relator contends that said Section 12 is void for the further reason that "there is no provision for enforcing an award for injuries occurring outside of the State." Section 44 of the act provides:

"The final award of the commission shall be conclusive and binding unless either party to the dispute shall within thirty days from the date of the final award appeal to the circuit court of the county in which the accident occurred, *or if the accident occurred outside of this State, then in the county where the contract of employment was made.* . . . The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other: (here follows a specification of grounds)."

While the section does not expressly provide that the circuit court, in cases in which it does *not* "reverse, remand for rehearing or set aside the award," shall render judgment in accordance with it, such is the necessary implication arising from its language.

Section 45 of the act provides:

"Any party in interest may file in the *circuit court of the county in which the accident occurred*, a certified copy of a memorandum of agreement approved by the commission or of an order or decision of the commission, or of an award of the commission unappealed from, whereupon said court shall render judgment in accordance therewith and notify the parties."

It will be observed that this section makes no provision for the filing in the circuit court of an "award unappealed from," in cases in which the accident occurred outside of the State. This was clearly a legislative omission and is the basis of relator's contention that there is no provision for enforcing an award for injuries occurring outside of the State. But, as indicated, it is only the unappealed from awards for injuries occurring outside of the State which are affected by the omission. It thus appears that the statute affords the machinery for a full and complete judicial review of awards for injuries happening out of the State, but provides no method for enforcing those in which such a review is not sought. Are not those awards enforcible notwithstanding the omission?

The Workmen's Compensation Commission is in all essential respects a statutory board of arbitrators. An award made by them, while acting within the scope of their authority, determines the rights of the parties as effectually as a judgment secured by regular legal procedure, and is as binding as a judgment, until it is regularly set aside or its validity questioned in a proper manner. Such an award may be enforced in an ordinary action at law. In common law parlance, "an action in debt or *in assumpsit* is the proper remedy." [2 R. C. L. 388.]

3. It is further said "that there is no reference in the title of the act to the fact that it was intended to make the act extra-territorial in effect and that therefore the provision of the act is null and void." This contention is so entirely devoid of merit as to require neither elaboration nor discussion.

In accordance with the views herein expressed, the provisional rule heretofore issued is discharged and the proceeding dismissed. All concur, except *Gentry, J.*, not sitting, and *Walker, C. J.,* absent.