## GENERAL MOTORS CORPORATION v. HOLLER.

### No. 12984.

Circuit Court of Appeals, Eighth-Circuit.

July 12, 1945.

G. T. Priest, of St. Louis, Mo. (Boyle & Priest, of St. Louis, Mo., on the brief), for appellant.

Ford W. Thompson, of St. Louis, Mo. (William Kohn, of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The appellee brought this action against the appellant to recover damages for personal injuries alleged to have been sustained by appellee while in the employ of appellant, and caused by the negligent failure of appellant to comply with the Missouri Occupational Disease Statute, § 13252 et seq., R.S.Mo. 1929, and § 10211 et seq., Mo.R.S.A. The statute in question imposes upon employers in Missouri the duty to take approved steps and to use effective devices to safeguard the health of employees in occupations which may produce illness or disease as an incident of the work in which the employees are engaged.

The complaint may be summarized as follows: For more than twelve years prior to February 26, 1935, the appellee was employed by appellant in a plant in the City of St. Louis, Missouri, which, during the time of appellee's employment, the appellant operated, first, under the name of the Chevrolet Motor Company of St. Louis, and later under the name of Fisher Body St. Louis Division of General Motors Corporation. Throughout the period of appellee's employment he was engaged in finishing bodies for Chevrolet motorcars, using in this work various abrasive tools and appliances to remove imperfections from the motorcar bodies. Appellee was continuously exposed to the inhalation of abrasive dust, poisonous metallic dust and fumes caused by the work in which he was engaged, with the result that he acquired a disease called pneumoconiosis. The appellant was charged with negligence in failing to take any of the recognized and approved measures to protect appellee from the injurious effects of the exposure to the harmful conditions in which he worked. The disease, from which the appellee sustained permanent injuries, developed gradually and progressively throughout the term of his employment, but it was not fully developed nor was the extent of his injury ascertainable until February 26, 1935, when, his injury having become permanent, he was compelled to leave appellant's employment.

In addition to denials of the charges of negligence and damage in the complaint, appellant in its answer alleged that the rights of the parties to the action were controlled by the Missouri Workmen's Compensation Law, Mo.R.S. 1929, § 3299 et seq., Mo.R.S.A. § 3689 et seq.; and that pursuant to the Compensation Law appellee and his employer, the Fisher Body Company, had entered into an agreement for settlement of the cause of action alleged in this proceeding, which agreement had been submitted to the Workmen's Compensation Commission of Missouri, and, after hearing by it, had been approved and confirmed. Appellant pleaded the order of the Workmen's Compensation Commission approving the alleged settlement as a bar to the appellee's action.

At a separate hearing of the issues raised by appellant's plea of res adjudicata, the decision of the District Court was for the appellee. At the ensuing trial on the merits there was a verdict and judgment for the appellee. The parties stipulated at the trial on the merits that judgment might go against the appellant, if the jury found either the Chevrolet Motor Company or the Fisher Body Company guilty of negligence as charged in the complaint.

We find it necessary to consider only two of the several assignments relied on by appellant for reversal of the judgment below. They are: Error of the court in deciding the issues raised at the separate hearing in favor of appellee; and error in the admission at the trial on the merits of certain evidence offered on behalf of appellee.

The Missouri Workmen's Compensation Law does away with common law

actions for negligence between employer and employee in all cases in which the parties are subject to the Compensation Law, and substitutes, in place of such actions, proceedings before the Missouri Compensation Commission. New Amsterdam Casualty Co. v. Boaz-Kiel Construction Co., 8 Cir., 115 F.2d 950, 953; State ex rel. National Lead Co. v. Smith, Mo.App., 134 S. W.2d 1061, 1065. By an amendment to the Compensation Law, effective in 1931, claims for injuries due to occupational diseases are brought within its provisions, Mo. R.S.A. § 3695(b) and note. Settlements between employer and employee are authorized by the Workmen's Compensation Act, Mo.R.S.A. § 3723, and, when approved by the Compensation Commission, are binding upon the parties and not subject to review by the courts. Satterly v. Mueller et al., Mo.App., 119 S.W.2d 449, 450; State ex rel. Wors v. Hostetter, 343 Mo. 945, 961, 124 S.W.2d 1072, 1076. A final award of the Workmen's Compensation Commission in a proceeding within its jurisdiction is an adjudication of the rights of the parties as effective as the judgment of a court of law and is as impregnable to collateral attack. State ex rel. Brewen-Clark Syrup Co. v. Missouri Workmen's Compensation Commission, 320 Mo. 893, 8 S.W.2d 897, 900; Wors v. Tarlton et al., 234 Mo.App. 1173, 95 S.W.2d 1199, 1204. Generally the existence and effect of a judgment of a court of law may be established only by production and inspection of the record. 34 C.J., Judgments, § 1510. An award of the Workmen's Compensation Commission, when relied on as a bar to an action at law between the same parties on the same claim, should be established by the same means. On the question of the presumptions, favorable or the reverse, which attend the exercise of jurisdiction by the Commission, the Missouri Courts of Appeal are in direct conflict. Wors v. Tarlton, supra; Maxwell v. Kurn, et al., Mo.App., 180 S.W.2d 249. This conflict of opinion has not been resolved by the Supreme Court of Missouri. See State v. Hostetter, 343 Mo. 945, 124 S.W.2d 1072, and Maxwell v. Kurn et al., Mo.Sup., 185 S.W.2d 9.

In the separate hearing of appellant's contentions concerning the alleged final order of the Workmen's Compensation Commission, appellant called the attorney who had represented appellee before the Commission, handed him a transcript of a part, at least, of the proceedings before the Commission, and inquired if the witness had read it. There was an objection by appellee which the court sustained. We are unable to determine with certainty the purpose of appellee's objection or the ground for the court's ruling. Whether it was the intention of the appellant to offer the Commission's record in evidence and of appellee to exclude it does not clearly appear. Appellant made no objection to the court's ruling. No part of the record of the Commission was introduced in evidence at this stage of the trial. Instead, appellant proceeded to prove by parol evidence, received without objection, that appellee, represented by counsel, had filed the claim which is the subject of this action before the State Compensation Commission; that the defendant in the proceeding was the Fisher Body Company; that there had been a hearing on the claim at which evidence was presented; and that in the course of the hearing a settlement had been reached between the parties and submitted to and approved by the Compensation Commission; also that appellee declined to accept the award in his favor and began this action. Appellee offered no evidence.

On this record the court found that appellee had not submitted to the Workmen's Compensation Commission his claim against the Fisher Body Company for compensation for the injuries set out in his complaint in this action, and that no settlement of the claim involved in this action had been made. The court concluded as a matter of law that the Workmen's Compensation Commission was without jurisdiction of appellee's claim, because of the failure of appellant to show by evidence at the hearing before the court that it had complied with the requirements of the occupational disease amendment to the Workmen's Compensation Law in regard to filing with the Compensation Commission its election to accept the law as amended, and by posting notices of its acceptance within its place of employment.

■■ The court's findings of fact were contrary to the evidence, which established without contradiction that appellee had submitted the claim which is the subject of this action to the Workmen's Compensation Commission and that an order disposing of the claim had been entered by the Commission. And, since the evidence established that there had been a hearing before the Commission, its jurisdiction over the proceeding instituted by appellee should have been decided, insofar as it depended upon

questions of fact, upon the record and findings of the Commission rather than upon the evidence in the present proceeding. The Commission's findings of fact, supported by evidence, are conclusive on the courts. Mo.R.S.A. § 3732. However, we find it unnecessary to attempt to fix responsibility as between the parties for the state of the record, briefy outlined above, since, as appears later in this opinion, the judgment appealed from must be reversed and this cause remanded for further proceedings in which this issue, if again involved, may be properly presented and decided upon the record made before the Compensation Commission. In this connection we have not overlooked appellee's contention that any order made by the Missouri Workmen's Compensation Commission is without importance in the present action because the defendant before the Commission was the Fisher Body Company while in the action in the District Court the defendant was the General Motors Company, nor appellee's contention that in any event the Commission was without jurisdiction because appellee's claim was not filed within the time provided by the Workmen's Compensation Commission. These contentions raise questions of fact which were for the decision of the Workmen's Compensation Commission on the evidence before it and which, for present purposes, we must assume were decided by it.

■ The record in this case shows the conflicts in evidence, usual in cases of this character, on the issues of liability and damages. Whether the appellee acquired an occupational disease incident to his work for the appellant and whether the disease which he acquired, if any, was due to the failure of the appellant to comply with the Missouri Occupational Disease Statute were questions of fact for the jury.

■ To support his charge of negligence on the part of appellant, appellee offered proof to show that the air in the room in appellant's plant in which appellee worked was continually saturated by dust from abrasive wheels used in finishing the automobile bodies and by poisonous metallic dust and fumes produced in the course of the work being done by appellee and his fellow workers; also evidence to show that, in violation of the requirements of the Missouri Occupational Disease Statute, appellant failed to take any of the approved and effective means to protect its employees from the harmful effects of the conditions under which they worked, or to use any of the known devices for removing from the room the noxious dust and fumes produced in the course of appellee's work. Following the introduction of this evidence, and over appellant's objection, the court permitted the appellee to prove that some time after appellee had been permanently disabled and had left appellant's employment there was installed in appellant's plant, in the room in which appellee had worked, an airtight glass booth in which the dust producing work incident to appellant's operations was done, and that the employees assigned to the work in the glass booth were provided with respirators for their protection against the harmful dust and fumes produced by the work done in the booth. Appellee's witnesses referred to the glass booth as "the death house." The purpose of its installation was to protect appellant's employees from the harmful conditions which appellee's evidence tended to show had existed during his employment. At the time this evidence was offered and received, counsel for the appellee stated that it was offered "to prove what they did afterwards," that is to say, for the purpose of showing that after appellee had sustained his injury appellant took steps to correct the harmful conditions in which appellee had worked. It is evident from the record that the evidence under discussion was offered as tending to show an admission of appellant that the conditions prevailing in appellant's plant prior to the installation of the booth were such as required correction and such as could have been corrected by appellant, and thus as evidence of appellant's negligence. The almost universal rule is that admission of evidence of this character in negligence actions constitutes prejudicial error. Wolf v. Mallinckrodt Chemical Works, 336 Mo. 746, 763, 81 S.W.2d 323, 332; Columbia & Puget Sound R. Co. v. Hawthorne, 144 U. S. 202, 208, 12 S.Ct. 591, 36 L.Ed. 405. Its reception in the circumstances of this case requires a reversal of the judgment appealed from. Appellee's contention that appellant's objection to the introduction of the evidence was too general, was not timely, and that the evidence was offered by appellee to explain photographs introduced by appellant are obvious after-thoughts and clearly contradicted by the record.

Reversed and remanded for further proceedings in accordance with this opinion.