Arizona A. HINES, Respondent,

v.

CONTINENTAL BAKING COMPANY, Inc., Appellant.

No. 23034.

Kansas City Court of Appeals.

Missouri.

March 7, 1960.

Motion for Rehearing or Transfer to Supreme Court Denied April 4, 1960.

Howell & Sanders, Norman S. Howell and Robert J. Sanders, Kansas City, for appellant.

Donald G. Stubbs, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, for respondent.

MAUGHMER, Commissioner.

Plaintiff sued to recover damages for personal injuries. The trial resulted in a verdict and judgment for her in the sum of $7500. Defendant has duly appealed.

On September 2, 1955, Arizona A. Hines, the plaintiff, was working as an employee of defendant Continental Baking Company, Inc. in Kansas City, Missouri. Her duties included removing hot loaves of bread from

a conveyor belt and placing them on a steel bread rack. Mrs. Hines claimed that while performing this operation she suffered a back injury, which claim was supported by medical testimony. Defendant has not on appeal denied the injury or questioned the amount of the verdict and judgment.

On December 1, 1955, plaintiff filed a claim for Workmen's Compensation. The employer and insurer denied liability on the ground that "Employee did not sustain an accidental injury arising out of or in the course of her employment". The Referee found for claimant. On October 3, 1956, acting under defendant's petition for review, the Industrial Commission of Missouri unanimously reversed the Referee's finding and entered a final award against claimant. No appeal was taken from the Commission's award and it has therefore become final. That decision is res judicata as to plaintiff at least and effectively prevents her from ever successfully asserting a claim for compensation arising from this particular injury. Section 287.490, V.A.M.S.

The petition in the present suit was filed September 18, 1956, and judgment was entered December 9, 1958. Defendant on appeal asserts the trial court erred because it overruled defendant's motion for directed verdict, submitted at the close of plaintiff's case and again at the close of all the evidence, for the reason that such evidence establishes that the occurrence in question was an accident within the scope and purview of the Missouri Workmen's Compensation Law and for the further reason that such evidence is not sufficient to sustain a common law cause of action against defendant. Appellant also claims that the court erred in giving Instruction No. 1, which it says hypothesized a cause of action cognizable only under the Workmen's Compensation Law; because it gave the jury a roving commission and did not require a finding that defendant knew of the alleged defects in either the premises or in the appliances. In response plaintiff contends that the Commission's

final award is res judicata, final, conclusive and determinative as to plaintiff's entitlement to claim compensation; that defendant in presenting such a defense is collaterally attempting to assault a final judgment; that since defendant in the compensation matter tenaciously clung to the proposition that plaintiff had not suffered an accident within the meaning of the Act and prevailed on the point, it should be held estopped to assert exactly the opposite in defense of this suit. Plaintiff also stoutly argues that Instruction No. 1 correctly states the applicable law.

█ Both parties have favored us with excellent and exhaustive briefs. Each appeared and fully briefed the accident question before both the Referee and the Commission. Section 287.120(1), V.A.M.S. provides: "* * * the employer shall be liable irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee *by accident* arising out of and in the course of his employment, * * *". (Italics added). Section 287.020(2), V.A.M.S. provides: "The word 'accident' as used in this chapter shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury".

In the case of Roberts v. Epicure Foods Company, a corporation, handed down January 11, 1960, 330 S.W.2d 837, 839, our Supreme Court ruled that the applicability of the Compensation Act as a defense to a common law action based on negligence is an affirmative defense and that defendant carries the burden of proof. In that case the court said: "It has been firmly established that the question as to whether or not the Workmen's Compensation Act, section 287.010 et seq., is applicable to a claim for which recovery is sought in a common law action is an affirmative defense and the burden of establishing same

rests upon the defendant. McKay v. Delico Meat Products Co., 351 Mo. 876, 174 S.W.2d 149; McDaniel v. Kerr, 364 Mo. 1, 258 S.W.2d 629."

According to the evidence plaintiff had been working for defendant some two and one-half or three years, when on September 2, 1955, she was injured. Her duties required her to take some 200 loaves of hot bread off a conveyor belt and load them upon a steel rack. Some of the loaves weighed one pound and some one and one-half pounds. The racks were eight feet in height and weighed approximately 125 or 150 pounds. Therefore, the racks, when loaded, weighed from 325 to 450 pounds. These racks were mounted on rollers and plaintiff was required to move them from the loading room through one of three doors and into the cooling room. These door openings were equipped with metal sills. It was plaintiff's testimony that the rollers on the racks were worn and had been so for a long time; that constant usage had worn ruts or depressions in the wooden flooring as it approached the metal sills so that these metal sills were approximately one-half inch higher than the floor itself. She said that frequently the rollers picked up bits of string and as the loaded racks approached the doors, did not cross over smoothly. She stated that on this particular occasion the rack stuck in the doorway on the sill and she gave it three or four jerks to get it loose and thereby injured herself. On cross-examination she stated that this application of additional effort to get the racks moving was not an unusual thing, and that "We did it every day". It was also her testimony that the employees had frequently complained about the manner in which these racks functioned. There was no evidence that plaintiff had suffered a fall or had slipped at the time of her injury.

In Crow v. Missouri Implement Tractor Co., en Banc, Mo.Sup., 307 S.W.2d 401, 405, the Supreme Court said: "We ruled in De Lille v. Holton-Seelye Co., 334 Mo. 464, 66 S.W.2d 834, and in State ex rel. Hussman-Ligonier Co. v. Hughes, supra [348 Mo. 319, 153 S.W.2d 40], that where an injury is the result of natural causes and not the result of an accident while the employee is performing his usual duties, compensation may not be awarded. However, where an employee's injury is the result of an unusual or abnormal strain arising out of and in the course of his employment, the injury is compensable. An abnormal strain may, therefore, be classified as an accident even though not preceded or accompanied by a slip or a fall."

In State ex rel. United Transports, Inc. v. Blair, en Banc, 352 Mo. 1091, 180 S.W. 2d 737, 739, claimant was changing an automobile tire. A lug was obstinate and ordinary force did not remove it so the employee exerted unusual force in an unusual manner by putting his foot on the pipe and tugging, *which he did not ordinarily do.* The court ruled the resultant injury to be an accident under the Act, saying: "* * * The employee's injury was the result of the abnormal way he was doing the work of removing the tire." (Italics ours).

The Springfield Court of Appeals in Williams v. Anderson Air Activities, Mo. App., 319 S.W.2d 61, 65, gave its interpretation of these two authoritative opinions as follows: "Our interpretation of the Crow case, when it is placed alongside the Blair case, is that where an employee suffers an unexpected and abnormal strain (at least while he is engaged in doing something beyond and different from his normal routine) and, as a result thereof, sustains an injury which is not the result of orderly natural causes, the injury is an accident within the meaning of sec. 287.020(2). The abnormal strain is the event and the injury is the result."

The trial court denied defendant's motions for directed verdict predicated upon the contention that the evidence established that the injury was the result of an accident within the meaning of the Compensation

Act. Such disallowance was based on either the evidence heard or that the Commission's finding was res judicata on the issue or that defendant was estopped to assert such defense. Based upon the factual issue alone we would not be inclined to disagree and we shall not overturn the trial court on that feature.

However, there are further and we think more impelling reasons why defendant should not be permitted to successfully interpose the defense of accident under the Act, namely, the principles of res judicata and estoppel as the same arise from the final award of the Industrial Commission. The transcript in this case, through the medium of Exhibits 10–A–K, reveals quite fully the record of the proceedings before the Referee and before the Industrial Commission. The claim, which was filed December 1, 1955, alleged: "Injured back and legs while jerking on racks loaded with bread." The employer and insurer formally denied liability for the reason that "Employee did not sustain an accidental injury arising out of or in the course of her employment." Briefs for the claimant and for the employer-insurer were filed before the Referee consisting, respectively, of 16 and 9 typewritten pages. The Referee found for claimant. The employer and the insurer jointly applied to the Commission for review on the specific point "that the employee sustained an accident on or about September 2, 1955." This time their brief was 10 pages long and on page 1 contained the following declaration: "The only issue in the case is whether or not the claimant sustained an accident within the meaning of the Missouri Workmen's Compensation Law." After review by the whole Commission and under date of October 3, 1956, a "Final Award Denying Compensation" was entered. This award contained the following finding: "We find from the evidence that the claimant testified that she did not slip, trip or fall and that she had jerked the racks containing bread loaves several times during the previous year of her employment and, therefore,

her jerking the bread racks on September 2, 1955, was not unusual and was part of her usual duties from time to time." No appeal was taken from this final award.

Section 287.490, V.A.M.S., is in part as follows: "The final award of the commission shall be conclusive and binding unless either party to the dispute shall within thirty days from the date of the final award appeal to the circuit court * * *."

In Scannell v. Fulton Iron Works Co., Inc., 365 Mo. 889, 289 S.W.2d 122, 124, it was declared: "An unappealed final award of the Industrial Commission under the Workmen's Compensation law, whether right or wrong upon a fact issue within the jurisdiction of the Commission, is an adjudication of the rights of the parties and as effective and impregnable to collateral attack as a judgment of a court." (citing additional authorities).

In General Motors Corporation v. Holler, 150 F.2d 297, 299, the Circuit Court of Appeals, Eighth Circuit, in an interpretation of the Missouri Workmen's Compensation Act, said this: "A final award of the Workmen's Compensation Commission in a proceeding within its jurisdiction is an adjudication of the rights of the parties as effective as the judgment of a court of law and is as impregnable to collateral attack. State ex rel. Brewen-Clark Syrup Co. v. Missouri Workmen's Compensation Commission, 320 Mo. 893, 8 S.W.2d 897, 900; Wors v. Tarlton et al., 234 Mo.App. 1173, 95 S.W.2d 1199, 1204."

The Supreme Court of Michigan discussed a similar question in Besonen v. Campbell, 243 Mich. 209, 220 N.W. 301, 302, 303, and said: "While it is not a court, the doctrine of res adjudicata applies to its proceedings, and its decisions are binding on the applicant, the employer, and the insurance company. Lumbermen's Mutual Casualty Co. v. Bissell, 220 Mich. 352, 190 N.W. 283, 28 A.L.R. 874. Having defeated the recovery of compensation on the ground that the employment was illegal, because

hazardous, defendants are estopped to here claim the contrary, that it was not hazardous."

In Prince v. Saginaw Logging Co., Inc., 197 Wash. 4, 84 P.2d 397, 400, the Supreme Court of Washington had this to say: "Following the procedure outlined in the compensation act, he filed his claim with the department. The department, through the supervisor of industrial insurance, rejected the claim on the ground that the appellant was not covered by the act. Notice of this rejection was given, as required by the act, to the respondent. Accepting this decision of the tribunal charged by the act with the determination of the question in the first instance, the appellant brought this action at law, the alternative remedy remaining available to him. The respondent seeks to bar his entry into court with a challenge that his remedy is not there, but in the department, which has already closed its door against him. The law does not contemplate such an anomaly. Having acquiesced in the departmental decision by failure to appeal, the respondent can not be heard to question the correctness of this decision in another tribunal."

The Supreme Court of Oklahoma came to the same conclusion in Southern Kansas Stage Lines Co. v. Kemp, 188 Okl. 397, 109 P.2d 830, 834, by this language: "A finding and order denying compensation upon the ground of failure to show the employment hazardous, where it becomes final, is binding upon the parties and the courts alike under the rule stated in Howard v. Duncan, supra [163 Okl. 142, 21 P.2d 489], and the same question cannot be again adjudicated in any further proceeding before the Commission or in any subsequent proceeding in any court."

Appellant here relies strongly and apparently exclusively as to these points on the case of Blaine v. Huttig Sash & Door Co., 232 Mo.App. 870, 105 S.W.2d 946, decided by the St. Louis Court of Appeals on May 4, 1937. In that case the Referee held that claimant's alleged injury did not arise out of the employment. No petition for review by the Commission was ever filed. Plaintiff then brought a common law action for damages and had the verdict. The appellate court proceeded to determine for itself whether or not the injury arose out of the employment, decided that it had and reversed the case. The court further, after lengthy discussion, ruled that neither the doctrine of res judicata nor estoppel was applicable; that even though defendant had been a party to the hearing before the Referee, had disputed claimant's right to recover and had there contended that claimant's injury did not arise out of the employment, nevertheless it was entitled to defend the common law action by an assertion that the injury did arise out of the employment and was cognizable only under Workmen's Compensation—an exactly opposite position—and still not be impaled by either res judicata or the principles of estoppel.

We are not impressed by such reasoning. We cannot arrive at any such result. It may be that the Blaine case is distinguishable from ours on the facts. In it the award was by the Referee. In ours by the full Commission, and the statute, Section 287.490, supra, only refers to final awards by the Commission. In the Blaine case the employer furnished medical treatment for claimant; in our case, except for one examination by a defendant physician, she received neither medical examination nor treatment from either the employer or its insurer. Examination of the Blaine opinion leads us to believe that it was not definitely established in the circuit court just what issues had been presented to, adjudicated and decided by the Referee; in our case such proof was complete and uncontroverted. We believe the pronouncement by our Supreme Court nearly twenty years later in the Scannell case, supra, that such final award *"whether right or wrong* upon a fact issue * * * as effective and impregnable to collateral attack as a judgment of a court" (Italics supplied) is on firmer ground, is not only persuasive but

binding on this court and is certainly consonant with our own view. This is especially so when it is buttressed by the Michigan, Washington and Oklahoma Supreme Courts and by our own Federal Circuit Court from which opinions we have just quoted. All of the elements of finality are present in the Commission's final award. It had jurisdiction; the contestants here were the adversaries there; each was duly notified, appeared through counsel and litigated, with evidence, arguments and by briefs, this very question; the bone of contention then as now was the accident issue; the award unequivocally decided that issue and no appeal was taken. Under such circumstances the law favors clothing with finality a conclusion, an award or a judgment so reached. It was final as to plaintiff and ought to be final as to defendant. We rule that the issue as to whether or not plaintiff's injury was the result of an accident within the meaning of the Act, became res judicata by reason of the Commission's final award and such controversy cannot be again litigated by defendant in the present action. It would seem, too, that the somewhat kindred bar of estoppel might likewise be invoked under the facts here. However, in the light of our holding on res judicata it seems unnecessary to fully explore estoppel as it might be applied here.

The fourth and final point challenges Instruction No. 1 as giving the jury a roving commission and not requiring a finding of knowledge by defendant of the alleged defect in the premises or alleged deficiency in the appliance. As we read the instruction it fully hypothesized the facts upon which plaintiff based her charge of negligence. If the jury found the existence of these facts, then before recovery was permissible, the jury was requird to arrive at four other conclusions; namely, that resultant therefrom plaintiff had not been " * * * furnished a reasonably safe place to work" and "reasonably safe appliances with which to perform her work";

second, "that such failure on its part was negligence"; third, as a result, plaintiff was injured and, fourth, plaintiff was at all times in the exercise of ordinary care for her own safety.

In 56 C.J.S. Master and Servant § 202, pp. 902, 903, 904, 905, the degree of care required is phrased this way: "In furnishing tools, machinery, and appliances for an employee, or a place for his work, an employer must exercise due care. He is not an insurer of the safety of the tools, machinery, appliances, and places for work, nor is he an insurer of the safety of the employee in using the instrumentalities furnished, but, according to the decisions on the question, is liable only for negligence. The employer is not required to exercise extraordinary care in the premises. The degree of care exacted is that of ordinary or, as it has been said in some decisions, the degree is that of reasonable care."

In Goodwin v. Missouri Pacific R. Co., 335 Mo. 398, 72 S.W.2d 988, it was held that under the Missouri rule a servant never assumes risks arising from negligence for which the master is liable, but only those which remain after the master has exercised ordinary care.

In Markley v. Kansas City Southern R. Co., 338 Mo. 436, 90 S.W.2d 409, 411, our Supreme Court said: "Whatever the law may be elsewhere, our rule is that, 'the moment negligence comes in at the door, * * * the doctrine of assumption of risk goes out at the window.' (citing authorities). That it is negligence for an employer to fail to furnish his employees a safe place of work requires no citation of authority."

To summarize, it seems that while the employer is not an insurer, he must exercise reasonable care in furnishing safe places and safe appliances within which and with which to work; failure to exercise such ordinary care constitutes negligence for which he is liable; it is not re-

quired that actual, specific knowledge of the defective premises or appliances be brought home to the master—it is sufficient if in the exercise of ordinary care he should have known thereof; the servant assumes only such risks as are inherent in his work after the master has exercised such care in providing a safe place to work, and within these confines the ultimate fact question is for the jury but under instructions which preserve such limitations. Does Instruction No. 1 do this? It hypothesizes the evidentiary facts and the alleged defects from which the claimed injuries arose; it required a finding that plaintiff was in the exercise of ordinary care for her own safety; a finding that if, because of the alleged defects in both premises and appliances that defendant had not furnished a safe place in which to work, and that such failure amounted to negligence, then the issues should be found for plaintiff. We think the instruction is proper and not defective insofar as it goes. Even though the instruction required a jury finding that defendant "failed to furnish a *reasonably* safe place to work and *reasonably* safe appliances with which to perform her work", we think it would have been better if it had called for a finding that defendant knew, or in the exercise of ordinary care should have known, about the alleged defects, and that it should have defined "negligence" and "ordinary care" for the jury. It is essential that "An instruction submitting plaintiff's case to the jury and predicating his recovery must include all the essential elements of plaintiff's case." Banta v. Union Pacific R. Co., 362 Mo. 421, 242 S.W.2d 34, 42. In Hatfield v. Thompson, Mo.Sup., 252 S.W.2d 534, 542, and referring to the requirement of knowledge on defendant's part as to the unsafe condition or defects relied upon, the court said: "Such knowledge, actual or constructive, is unquestionably a prerequisite of defendant's liability."

This field was recently explored and ruled by our Supreme Court in Jenkins v. Wabash R. Co., Mo., 322 S.W.2d 788, 795–796. This was a crossing collision. Plaintiff charged and submitted on the theory that the crossing was an "unusually dangerous crossing for public use." It was held that if the jury found such dangerous conditions, the same were by their nature of the type which necessarily had existed for a substantial time and of which the railroad would be charged with knowledge, and therefore it was not fatal to fail to include a finding as to knowledge in the main instruction.

In Schonlau v. Terminal R. Ass'n of St. Louis, 357 Mo. 1108, 212 S.W.2d 420, 424, plaintiff's alleged injury resulting from an unsafe place to work, the court said: "Plaintiff's chief instruction covering the whole case did not require the jury specifically to find that defendant had actual or constructive notice of the unsafe condition of the passageway floor. It is better practice to require such a finding but the failure to do so here is not fatal because the required findings of the instruction import knowledge of the unsafe condition of the floor on the part of defendant."

■ Now as to the definition feature of the instruction. Our Supreme Court recently declared in Johnson v. Flex-O-Lite Manufacturing Corporation, Mo., 314 S.W. 2d 75, 81, that: "All of the instructions given in a case should be read together and as parts of a single charge in order to determine the correctness of the charge or the effect of any deficiency in a particular instruction." (citing cases). This has long been the law.

Upon examination of the other given instructions we find that the defendant offered and the court gave Instruction No. 3. This instruction defined "ordinary care" as such care as a person of ordinary prudence would exercise under the same sit-

uation and circumstances and charged that the words "negligently" and "negligence", as used in these instructions means the failure to exercise ordinary care. Definition was thus fully supplied and the jury was not given an undefined roving commission. When the instructions are read and considered together, we think they are not prejudicially erroneous.

The appellant has presented no further assignments of error and the judgment should be affirmed. It is so ordered.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court. All concur.