C. M. MUSE, RESPONDENT, v. A. E. WHITNEY AND SON ET AL., APPELLANTS.—56 S. W. (2d) 848.

Kansas City Court of Appeals. December 12, 1932.

*Everett R. Meyer* for respondent.

*Morrison, Nugent, Wylder & Berger* and *Douglas Stripp* for appellants.

CAMPBELL, C.—Plaintiff, an employee of the defendant A. E. Whitney & Son, was injured while working for it in Kansas City, Kansas. He filed claim with the Workmen's Compensation Commission of Missouri seeking an award on account of the injury. The claim was heard by a commissioner who made an award in claimant's favor, which, upon review by the commission, was affirmed. Upon defendants' appeal to the circuit court, the action of the commission was sustained. From that judgment the defendants have appealed.

The plaintiff claims the contract of employment was made in Missouri and that although the injury was sustained in Kansas, the Workmen's Compensation Commission of Missouri had jurisdiction of the claim. The defendants say there was no legally sufficient evidence that the contract was made in Missouri.

The plaintiff testified as follows:

"Q. Where were you employed, where was the contract made? A. At Missouri Pacific Building in Kansas City, Missouri, over here.

"Q. Whom did you talk to there? A. I talked to Mr. Whitney personally—I didn't talk to Mr. Whitney—he was just leaving in his car and me and these two other gentlemen waiting around to see Mr. Whitney about a job and just leaving and threw up his hands and I spoke to him and didn't stop his car, but slowed up and says, 'Come to Santa Fe Elevator, Monday morning.'

"Q. And went over there at his request? A. Yes, sir, began work three of us that day."

A witness for plaintiff testified that Mr. Whitney "told him (plaintiff) to come to work at the Santa Fe Elevator Monday morning." Another witness testified that Mr. Whitney "told him (plaintiff) come to Santa Fe elevator Monday morning to drive piles."

The place of contracting was the place where the minds of the parties met. In determining the place where the minds of the parties met all of the facts and circumstances and the conduct of the parties must be taken into consideration.

"A contract, it may truly be said, includes not only what the parties actually write down or say, but all those things which the law implies as part of it, and likewise all matters which both the parties intend to express, but do not." [13 C. J. 271.]

A contract will be implied "where there are circumstances which according to the ordinary course of dealing and the common understanding of men, show a mutual intent to contract." [13 C. J. 241.] A contract need not be evidenced by "any particular formula of expression." [Stobie v. Earp, 110 Mo. App. 73.]

642

The defendants present the case upon the theory that the statement of Mr. Whitney was nothing more than ''an offer for a contract, was a request for the party or parties addressed to report at a certain place, from which it could be inferred that they might or might not be given work, depending upon the nature of the work, the wages, the ability of the applicant and those other details of employment which would have to be settled.''

This contention does not take into consideration the fact that plaintiff sought employment; ''spoke'' to Mr. Whitney, nor the fact that Mr. Whitney evidently knew that plaintiff was seeking employment. In the circumstances the statement of Whitney, ''Come to Santa Fe elevator Monday morning to drive piles,'' was not an offer ''for a contract'' but was an acceptance of plaintiff's application for employment.

We are cited to the case of Cole County v. Missouri Central Trust Company, 257 S. W. 774, in which the court said: ''Before a contract can be entered into by reason of a proposition and acceptance, the minds of the parties must meet upon all the terms of the contract.''

The conduct of the parties subsequent to the meeting in Missouri shows a full and definite understanding. Plaintiff went to the appointed place and engaged in driving piles, and that, too, without anything further, so far as the record discloses, being said to him by his employer.

The application for employment and acceptance thereof was in Missouri. The place of acceptance was ''the place of contracting.'' [Illinois Fuel Company v. Railroad, 319 Mo. 899, 916.]

It is argued that the contract was not sufficiently definite. Manifestly, the plaintiff and Mr. Whitney fully understood each other: their ''minds met.'' As stated, the plaintiff went to the appointed place and there engaged in doing the work which Mr. Whitney told him to do.

Considering the facts and circumstances revealed in the evidence. it is clear there was sufficient competent evidence to support the findings of the commission that contract of employment was made in Missouri.

While the case was pending before the full commission defendants made application for permission to introduce evidence. The application was denied. In the application it was recited that defendants desired to introduce evidence as to the place of employment: that their witness ''as to which fact was in Wisconsin at the tim of the original hearing,'' but the application does not state what th evidence of the witness on that subject would be. We are therefore left to conjecture as to whether or not the evidence would hav aided the defendants. The application was properly denied.

It is claimed that Division 2 of the circuit court in which the judgment appealed from was rendered, was without jurisdiction of the cause. The record discloses that the cause was assigned to Division 1 of the circuit court of Jackson county and thereafter returned to the general docket; that there was no order showing that the cause was thereafter assigned to Division 2 of said circuit court.

The situation is different from that considered in the case of Co'. v. Norton, 251 S. W. 723. In the Cole case there was an affirmative showing that the cause was pending in a division of the circuit court other than the one in which the judgment was rendered. In the in stant case the cause, though originally assigned to Division 1, wa‑ thereafter returned to the general docket.

We will presume right action on the part of the court, and, henc‑ in the absence of an affirmative showing that Division 2 did not have jurisdiction, we will presume that it did have jurisdiction of the cause. [State ex rel. v. Gill & Son, 220 S. W. 978.] The judgmen‑ is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.