ANNA E. McCLINTOCK, RESPONDENT, v. SKELLY OIL COMPANY, APPELLANT.—114 S. W. (2d) 181.

Kansas City Court of Appeals. March 18, 1938.

1206

*R. J. Holmden* for respondent.

*Cave & Hulen, C. L. Swim, Cliff V. Perry* and *Mosman, Rogers, Bell & Buzard* for appellant.

REYNOLDS, J.—This is an appeal by the Skelly Oil Company, appellant-employer, from the decision of the circuit court of Jackson County, Missouri, approving and affirming an award of the Workmen's Compensation Commission in favor of the respondent-claimant.

The claimant's husband, Theodore E. McClintock, died on January 18, 1936, as a result of injuries accidentally sustained by him in the course of his employment with the appellant-employer, when a truck which he was operating accidentally ran into a bridge on a public highway about four miles east of Durant, Oklahoma.

Claim for compensation was filed by the claimant, Anna E. McClintock, before the Workmen's Compensation Commission of Missouri on March 19, 1936.

The answer of the appellant-employer was filed on March 28, 1936, wherein it was denied that it was liable for compensation under the Workmen's Compensation Law of Missouri, because, by the contract of employment, it was provided that the Workmen's Compensation Law of Missouri should apply to the injury or death of the employee (McClintock) only if such injury or death occurred in Missouri, and that, if such injury or death occurred elsewhere than in Missouri, then the laws of the State where such injury or death occurred should govern the rights of the parties and that, under Section 3310, Revised Statutes of Missouri, 1929, such a contract was authorized and, as the injury resulting in the death of McClintock occurred in the State of Oklahoma, the Missouri Workmen's Compensation Commission was without jurisdiction to make an award of compensation.

An amended answer to the claimant's claim for compensation was filed with the commission on March 28, 1936, wherein it was set up that the State of Oklahoma had a Workmen's Compensation Law designated as Chapter 72, Sections 13348-13404, Oklahoma Statutes of

1931, entitled "Workmen's Compensation Law," which had been made a part of the contract of employment between the deceased and the appellant-employer, of the existence and provisions of which the commission was asked to take judicial notice.

Hearing of the claim for compensation was held before Commissioner Orin H. Shaw on April 30, 1936, in Kansas City, Jackson county, Missouri. The claim was heard on original and supplemental statements of facts, the original of which is fully set forth in the Appellant's Abstract of the Record at pages 10, 11, and 12 and the supplemental at pages 12 and 13.

The original is as follows:

"1. That an employment contract as set forth in photostatic copy marked Exhibit 'A' attached to employer's answer herein, was made on August 24, 1932, in Kansas City, Jackson County, Missouri.

"2. That from the date said employment began on August 24, 1932, until December 31, 1933, deceased employee performed the duties of his employment as construction foreman in the States of Missouri, Kansas and Iowa; that since March 29, 1934, deceased had been continuously employed in Oklahoma at the same duties as foreman of construction; that the salary checks for deceased employee in the amount of One Hundred and Twenty-five Dollars ($125.00) each, were issued each month at Tulsa, Oklahoma, forwarded to the Kansas City, Missouri, office of employer and thereafter forwarded to deceased; that deceased employee during all of the time of his said employment in Oklahoma received his instructions and directions from his superior at the Tulsa, Oklahoma office and that all reports of expenditures by him were made to his superior at the Kansas City, Missouri, office and the checks in reimbursement for such expenditures (whether for personal expenses of deceased or expenditures for labor and material in connection with construction projects) were sent him from the Kansas City, Missouri, office of employer. Reports of work performed were made to the offices of employer at Tulsa, Oklahoma, and Kansas City, Missouri.

"3. That the deceased employee met his death by accident January 18, 1936, while driving a truck on a highway about four miles east of Durant, Oklahoma.

"4. That insofar as this claim before the Workmen's Compensation Commission is concerned, the parties agree that deceased employee's fatal accident arose out of and in the course of his employment with this employer.

"5. That at all times mentioned herein, employer was operating under the authority of a self insurance permit issued by the Missouri Workmen's Compensation Commission.

"6. That at all times mentioned herein, deceased employee had not made or filed an election to reject the Missouri Workmen's Compensation Law.

"7. That employer is properly authorized to, and does conduct its business in a number of states of the Union and that in each of said states it enters into employment contracts identical to the one referred to herein, save and except that the state in which such contract is made is named in the contract in the place therein where Missouri is named in the instant case; that such employees are sometimes employed in Missouri and transferred elsewhere and in other cases employed in other states and later transferred to Missouri or some other than the one in which employed.

"8. That Anna E. McClintock is the widow of Theodore E. McClintock, deceased, and is the sole and only person who was a total dependent at the time of his death; that deceased was not survived by any children, natural or adopted.

"9. That the sole questions herein are:

"a. Whether under the Missouri Workmen's Compensation law, the employment contract of August 24, 1932, and the fatal accident to deceased in Oklahoma, there is any liability of employer under the provisions of the Missouri Compensation law.

"b. Whether under said facts herein stipulated the Workmen's Compensation Commission has authority and jurisdiction to make an award of compensation in said cause.

"c. What amounts are proper to be considered as earnings of deceased employee as a basis for the determination of the amount of compensation liability, if any."

The supplemental is as follows:

"That deceased employee maintained a home in Kansas City during all of the time herein mentioned, and that for such days as he was away from his home in Kansas City and engaged in the duties of his employment he incurred an average expenditure of $3.00 per day, representisg three meals at 50c each, and a hotel room at $1.50, for which expenditures by him he was re-imbursed by the employer; that the deceased employee submitted reports of such expenditures weekly on which were included the items above mentioned in addition to expenditures made for railroad fare, telephone calls, stamps, cost of maintaining the truck owned by employer which was under his custody and control, and other similar expenses, for all of which said employee was re-imbursed by employer; that the number of days in the year preceding the fatal injury sustained by this employee during which he was away from his home was 330. It is the contention of claimant herein that such expenditures for room and meals made by deceased employee, for which he was reimbursed by employer, should be considered as earnings in addition to the sum of $125.00 per month; on the other hand, it is the contention of employer that such payment for room and meals was merely additional expense entailed by his employment, for which he was reimbursed by employer and which did not represent additional earnings."

On July 6, 1936, Commissioner Shaw handed down his findings of fact and rulings of law and made an award in favor of the claimant as a dependent of the deceased employee (McClintock), for burial expenses of the deceased in the sum of $150.00 and for death benefits in the sum of $19.23 per week for 300 weeks (beginning January 18, 1936) or until prior death or remarriage.

Application for review of the award before the full commission was made by the appellant-employer, which application was granted; and, on review by the full commission, said award of Commissioner Shaw, on November 25, 1936, was affirmed by a vote of two members of the commission, one dissenting. The appellant-employer appealed from the award of the commission to the circuit court of Jackson county; and the record in the cause before the commission, including all documents and papers on file in the cause and a transcript of the evidence and the findings and the award under the certificate of the commission, was returned to the circuit court of Jackson county and filed therein.

On March 2, 1937, the appeal was heard upon said record in the circuit court of Jackson county, Missouri, by the Honorable BEN TERTE, judge; and said findings, decision, and award of the Workmen's Compensation Commission were affirmed by that court. The appellant-employer now appeals from the judgment, decision, and decree of the circuit court of Jackson county, Missouri, affirming the final award of the Workmen's Compensation Commission.

The contract of employment between the employee (McClintock) and the appellant-employer, which was signed by both, provides as follows:

"1. Contract made this 24 day of Aug. 1932, by and between T. E. McClintock, hereinafter designated as Employee, and SKELLY OIL COMPANY, hereinafter designated as Employer.

"2. Said Employee has this day entered the employ of the said Employer to work for said Employer from day to day in such capacity and in such manner as said Employer may from time to time direct, with compensation at the rate of $125.00 per month and——, subject to change without notice by the Employer effective at the date stated in such notices. It is agreed that such compensation shall be paid monthly.

"3. Either party may terminate this contract of employment at any time. In the event of termination the Employer shall not be liable to the Employee for wages or salary, except as may have been earned at the date of such termination, based on rate then in force.

"4. Employee further authorizes and requests Employer to at any time in the future furnish any and all information respecting his record to any party requesting same.

"5. The Employee hereby acknowledges notice from the Em-

ployer that said Employer is subject to and is operating under the Workmans' Compensation Law of the State of Mo. and agrees to pay compensation in accordance with the Compensation Law of said State or of such other State in which Employee may be employed by Employer.''

The majority of the Workmen's Compensation Commission, in making the final award, adopted as its opinion the opinion handed down by Commissioner Shaw in making the award, which is as follows:

''This case was submitted to the Commission on a Stipulation of Facts. From said stipulation it appears that there are only two questions to be decided; first, does this Commission have jurisdiction over the case and second, the average weekly wage of deceased.

''We will first consider the jurisdictional point. Employee entered the employment of this employer on August 24, 1932, the contract of employment being entered into in Kansas City, Missouri. From this date until December 31, 1933, he performed the duties of his employment as construction foreman in the states of Missouri, Kansas, and Iowa, and since March 29, 1934, he had been continuously employed in the state of Oklahoma at the same duties. He was fatally injured in Oklahoma and the employer contends we have no jurisdiction, their contention being founded on one clause in the contract of employment which provides as follows:

'' 'The employee hereby acknowledges notice from the employer that said employer is subject to and is operating under the Workmen's Compensation Law of the State of Missouri and agrees to pay compensation in accordance with the compensation law of said State or of such other state in which employee may be employed by employer.' ''

The section of the law under which we must interpret this clause is Section 3310 (b), Revised Statutes of Missouri, 1929, which provides as follows:

'' 'This chapter shall apply to all injuries received in this state, regardless of where the contract of employment was made, and also to all injuries received outside of this state under contract of employment made in this state, *unless the contract of employment in any case shall otherwise provide.*' (Emphasis ours.)

''It stands admitted that the contract of employment was made in this State and there is no doubt that we do have jurisdiction unless the contract of employment entered into by the parties hereto otherwise provides.

''Let us again look at the clause in the employment contract. The first part of which says, ''The employee hereby acknowledges notice from the employer that said employer is subject to and is operating under the Workmen's Compensation Law of the State of Missouri—'' has no application, and the pertinent part is that which immediately

follows which states, "and agrees to pay compensation in accordance with the Compensation Law of said State or of such other State in which employee may be employed by employer." It will be noted that the words "agrees to pay" could refer to the employer only so that the employee makes no express agreement in this part of the contract. Furthermore, as we read this clause, the employer does not expressly agree to pay either in the State of Missouri or in any other State to the exclusion of the other. The word "or" is used in the alternative and the only interpretation we can give this clause is that the employer agreed to pay compensation either in the State of Missouri or in some other State, if the employee was employed there, but that they were not specifically bound to pay in one State or the other. This being true, the clause amounts to nothing so far as our jurisdiction is concerned and such jurisdiction is to be determined by our compensation law without considering that part of the contract of employment.

"We are not unmindful of the fact that it is a recognized rule of construction that if possible a contract must be so construed as to carry out the expressed intention of the parties, and it is not the province of this Commission to alter a contract by construction or to make a new contract for the parties. However, when the language as set out in the contract is such as to not lend itself to the interpretation claimed by the employer, we do not feel free to attempt to give it such an interpretation in order that the 'intention' of the parties might be carried out. We have no way of ascertaining what employee's intention was with reference to this disputed portion of the contract.

"We believe further that Section 3310 (b) should be construed so that if 'the contract of employment in any case shall otherwise provide,' the provision should be so drawn that its import would be clear to the employee. In our opinion, this contract wholly failed to fulfill this requirement, and had the employer wished to put in this contract what they now contend they did put in, it would have been a very simple matter to phrase same so that there could have been no doubt in the minds of anyone concerned.

"We find, therefore, that the contract of employment in this case did not 'otherwise provide,' and we have jurisdiction over this case.

"As to the question of wages, employee received $125 per month. He maintained a home in Kansas City during all of the time of his employment, and while away from his home he incurred an average expenditure of $3.00 per day for hotel and meals for which he was reimbursed by employer. He also was reimbursed for expenses for railroad fare, telephone calls, stamps, etc. In our opinion all of these expenses were special expenses entailed on him by the nature of his employment and should not be included in arriving at his average

weekly wage. [Russell v. Ely & Walker Dry Goods Co., 60 S. W. (2d) 44; Newman v. Rice-Stix Dry Goods Co., 73 S. W. (2d) 264.] His wage, therefore, would be based on $125 per month which makes an average weekly wage of $28.85 and compensation is payable at the rate of $19.23 per week for 300 weeks.

Dependent is also entitled to burial expenses in the amount of $150, but said amount has been paid by employer for which they are entitled to credit. Date July 6, 1936.''

OPINION.

1. The appellant-employer makes assignments of error directed against the action of the trial court in its judgment approving and affirming the final award of the Workmen's Compensation Commission, which are as follows:

''The court erred in approving and affirming the final award of the Workmen's Compensation Commission:

''1. Because the Workmen's Compensation Commission of Missouri had no authority or jurisdiction to accept the claim for compensation or make an award of compensation to respondent.

''2. Because the Workmen's Compensation Law of Missouri did not apply to the death of McClintock occurring in the State of Oklahoma under the provisions of the contract of employment and Section 3310 (b), Revised Statutes Missouri, 1929.

''3. Because the contract of employment entered into between the employee McClintock and the employer, appellant, expressly provided that the Workmen's Compensation Law of Missouri should not apply to the injury or death of the employee while working in another state.

''4. Because the contract of employment was not fairly and reasonably construed and its express provisions not given effect to.''

By such assignments, the jurisdiction of the Workmen's Compensation Commission of Missouri to accept and consider the claimant's claim for compensation and to make an award of compensation thereon to the claimant and the consequent jurisdiction of the trial court to approve and affirm such award are brought in question and denied.

The appellant-employer contends that the accident, as a result of which the employee (McClintock) met his death, occurred in the State of Oklahoma and that, by the contract of employment between it and such employee, the extraterritorial effect of the Workmen's Compensation Law of Missouri (the State wherein the contract was made) was provided against and that, by such contract, the Workmen's Compensation Commission of Missouri was divested of any authority and jurisdition that it otherwise had to make an award for the injury or death of the employee occurring in the State of Oklahoma. It concedes that the law is that, under the contract of

employment as entered into in the State of Missouri, the Workmen's Compensation Commission of Missouri has authority and jurisdiction to make an award for such injury and death of the employee occurring, as it did, in the State of Oklahoma in the absence from the contract of employment between the parties of some provision to the contrary.

2. The question of the authority and jurisdiction of the Workmen's Compensation Commission of Missouri to make an award for an injury occurring outside of the State of Missouri under a contract of employment made in Missouri has been several times before the Supreme Court of the State of Missouri and the various courts of appeals; and such authority and jurisdiction of the Workmen's Compensation Commission have been confirmed, except in instances where the contract of employment otherwise provided. [State ex rel. Brewen-Clark Syrup Co. v. Missouri Workmen's Compensation Commission, 320 Mo. 893, 8 S. W. (2d) 897; Daggett v. Kansas City Structural Steel Co., 334 Mo. 207, 65 S. W. (2d) 1036; Bolin v. Swift & Co., 335 Mo. 732, 73 S. W. (2d) 774; Hartman v. Union Electric Light & Power Co., 331 Mo. 230, 53 S. W. (2d) 241; Shout v. Gunite Concrete & Construction Co., 226 Mo. App. 388, 41 S. W. (2d) 629; Zarnecke v. Blue Line Chemical Co. (Mo. App.), 54 S. W. (2d) 772; Muse v. E. A. Whitney & Son, 227 Mo. App. 640, 56 S. W. (2d) 848.]

Indeed, it is expressly provided by Section 3310, Revised Statutes of 1929 (found in Workmen's Compensation Law of Missouri in such revision) referring to Chapter 28, entitled "Workmen's Compensation:" "This chapter shall apply to all injuries received in this State, regardless of where the contract of employment is made and also to all injuries received outside of this State under contract of employment made in this State unless the contract of employment in any case shall otherwise provide."

That such is the law is asserted by the claimant and is not denied by the appellant-employer but, as stated, is conceded by it.

The appellant-employer contends, however, in this case, that the contract of employment did "otherwise provide" and that, therefore, the Workmen's Compensation Commission was divested of the jurisdiction which it would otherwise have had in this case. In its answer filed to the claimant's claim before the Workmen's Compensation Commission of Missouri, it sets up: "By contract of employment—" referring to the contract between the deceased employee and it— "made in Jackson County, Missouri, August 24, 1932, it was provided that the Workmen's Compensation Law of Missouri should apply to the injury or death of this employee only if such injury occurred in Missouri and that if such injury or death occurred elsewhere than in Missouri, then the laws of the State where such in-

jury or death occurred should govern the rights of the parties." By a reference to such contract of employment as the same appears in the record certified to the circuit court in this case, it will be ascertained that no such express provision is found therein.

It is contended by the appellant-employer in its brief upon this appeal that the contract agreement of the deceased employee and the the appellant-employer provided that the Workmen's Compensation Law of the State of Missouri (the State in which the contract was made) should not apply but that the Workmen's Compensation Law of the State in which the employee was working at the time of his injury or death should govern the rights of the parties as to compensation. An examination of the contract in evidence, as it appears set out in the record, fails to show any such agreement in express terms. Neither does the record show any provision in the contract as it appears set out in the record to the effect that the Workmen's Compensation Act of Missouri (the State wherein the contract was made) should not apply to any injury received in the State of Oklahoma or outside of the State of Missouri; nor does it show any agreement by which the provisions of Section 3310, Revised Statutes of Missouri, 1929, conferring jurisdiction, are rendered inapplicable and do not apply.

3. The contention of the appellant-employer as to the provisions of the contract set up in its answer can be successfully sustained only by the reading of such provisions into such contract, by construction or otherwise, they not expressly appearing therein.

Likewise with reference to the alleged provisions of such contract contended for by the appellant-employer in its brief, reference to which has been made.

4. The particular provision in such contract upon which reliance is placed by the appellant-employer for that purpose is found in Paragraph 5 of the contract, which is as follows:

"The Employee hereby acknowledges notice from the Employer that said Employer is subject to and is operating under the Workmans' Compensation Law of the State of Missouri and agrees to pay compensation in accordance with the Compensation Law of said State or of such other State in which Employee may be employed by Employer."

It is contended by the appellant-employer that said provision amounts to one that, in the event the employee should be injured in the State of Oklahoma or some other State or territory outside the territorial limits of the State of Missouri, the Compensation Law of Missouri should not apply and that the compensation, in such event, should be determined by the laws of the State in which such accident or injury occurs. In other words, it contends that such clause was such as to divest the State of Missouri and the Work-

men's Compensation Commission of the State of Missouri of any jurisdiction to award compensation for such injury under the provisions of Section 3310, Revised Statutes of 1929, wherein it is provided that the Workmen's Compensation Commission shall have jurisdiction unless the contract of employment shall "otherwise provide" and that, by said paragraph in said contract, the parties thereto had otherwise provided within the meaning of said statute.

The appellant-employer contends that, under this contract of employment, it is agreed that compensation shall be paid in accordance with the Compensation Law of Missouri so long only as the employee is employed in Missouri but that, when or in the event the employee shall be transferred from Missouri to some other State and be employed by the appellant in such other State, then the compensations laws of such other State shall govern the rights of the parties for injury or death occurring in that State.

It must be conceded that no such agreement in express terms is set out in such contract. Such an agreement can only become a part of such contract by being read therein by construction. The court is powerless, by construction, to make a different contract for the parties than that expressly made by them. The only province of the court is to enforce contracts as made and not to make and enforce new or different ones. To give the construction contended for by the appellant-employer, we must read something into the contract that is not expressed therein nor implied from anything that is expressed therein nor from the surrounding circumstances (the subject-matter, the relation of the parties thereto and to each other, the object to be served by the contract) nor from the conduct of the parties with reference thereto upon and subsequent to its execution. [Collins v. Truman (Mo. App.), 14 S. W. (2d) 526; Donovan v. Boeck, 217 Mo. 70, 116 S. W. 543; Thompson v. Lindsay, 242 Mo. 53, 145 S. W. 472, 13 C. J., art. 482, p. 521, also art. 521, p. 558; Home Trust Co. v. Shapiro, 228 Mo. App. 266, 64 S. W. (2d) 717.]

Nowhere in said provision or in any other part of said contract is it stated that the employer has rejected the Compensation Act of the State of Missouri and will not pay compensation under such act. Nowhere is it stated that the employer is not subject to and is not operating under the Workmen's Compensation Act of the State of Missouri. Nowhere is it stated therein that it will pay compensation only under the laws of the State or territory, outside of the territorial limits of Missouri, in which an accident, an injury, or a death may occur.

5. It must be borne in mind that the Workmen's Compensation Act of this State is elective. The acceptance of its provisions is entirely optional with both employer and employee. When accepted by them, it enters into and becomes an integral part of the con-

tract of employment. [State ex rel. Brewen-Clark Syrup Co. v. Missouri Workmen's Compensation Commission, *supra*, 320 Mo. 893, l. c. 899; Daggett v. Kansas City Structural Steel Co., *supra*, 334 Mo. 207, l. c. 218.]

Section 3300, Chapter 28 (entitled "Workmen's Compensation"), Revised Statutes of 1929, provides as follows:

"Every employer and every employee, except as in this chapter otherwise provided, shall be conclusively persumed to have elected to accept the provisions of this chapter and respectively to furnish and accept compensation as herein provided, unless prior to the accident he shall have filed with the commission a written notice that he elects to reject this chapter—"

The record does not show that either the deceased employee or the appellant-employer ever at any time prior to the accident in question filed with the commission any written notice, as required by said section, that he elected to reject the provisions of the chapter.

Upon the other hand, by the very paragraph relied on by the appellant-employer, it declared to the deceased employee (McClintock) that it was subject to and was operating under the Workmen's Compensation Law of the State of Missouri and agreed to pay compensation under the Compensation Law of that State, although not to the exclusion of other states in which the employee might be employed by the employer.

6. The contract in question was made in the State of Missouri, where the deceased employee lived at the time that it was made and afterward, until his death; and, under such contract, he performed services of the character required of him by the employer, not only in that State but in the State of Oklahoma. It was not provided by the contract that, in any event, the employer would not pay compensation in accordance with the Compensation Law of the State of Missouri. The statement in said paragraph that it would pay compensation in other States in the connection in which it appears does not amount to a statement that it would not pay compensation in accordance wih the laws of Missouri. It did not amount to a notice by the appellant-employer of an undertaking upon its part that it would pay compensation only in the State in which an accident or injury might occur. The paragraph in question did not state that the appellant-employer was working under the Compensation Law of Oklahoma and not under the Compensation Law of Missouri; but, upon the other hand, it held out that the only compensation law under which the employer was operating was the Compensation Law of the State of Missouri. At least, it did not give any direct notice of operation under any other law. If the employer had intended by such notice that it would not pay compensation under the Missouri law in the event of an accident or injury in Oklahoma but that, in

such event, it would pay compensation only in accordance with the law of Oklahoma, it should have expressly so stated in no uncertain terms. It did not do so.

The most that can be said of the particular clause in question is that, by it, the employer agreed to pay compensation either in the State of Missouri or some other State where the employee might be employed but that such employer was not specifically bound by it to pay in the one State or the other. The words "agrees to pay" therein can refer only to the employer. There is therefore no express agreement by the employee in that part of the contract.

7. To use a homely expression—it takes two to make a contract. There must be a meeting of the minds of the parties to a contract as to its terms and conditions. [Sutter v. Reader, 149 Mo. 297, 50 S. W. 813; Taylor v. Van Schroeder, 107 Mo. 206, 16 S. W. 675; 13 C. J., art. 48, p. 264; Home Trust Co. v. Shapiro, *supra.*]

This meeting of the minds is not based on some secret purpose or intention on the part of one of the parties, stored away in his mind and not brought to the attention of the other party, but must be based on a purpose and intention which has been made known or which, from all of the circumstances, should be known. [13 C. J., p. 265; Home Trust Co. v. Shapiro, *supra.*]

The mere fact that the employer had stored away in its mind the fact that it was contracting to pay compensation only in the State of Oklahoma if the accident or injury should occur therein is not sufficient, unless the employee (the other party to the contract) knew of such intention and contracted with reference to it. The record in this case fails to show any agreement on the part of the deceased employee to depend alone on the laws of Oklahoma for compensation in event of his injury in that State or that he made any rejection of the Compensation Law of Missouri or any election in favor of the laws of Oklahoma or that he had any knowledge of any purpose on the part of the appellant-employer by the contract in question that he should do so; and therefore he cannot be said to have made any contract with the employer to do so.

So far as the question of the jurisdiction of the Workmen's Compensation Commission of Missouri is concerned, the particular clause in question does not amount to anything. It cannot be said that thereby it did "otherwise provide" that the Workmen's Compensation Law of Missouri should not control within the meaning of Section 3310, Revised Statutes of Missouri.

8. The appellant-employer in its answer pleads that the State of Oklahoma has a Workmen's Compensation Law, designating the same by section and chapter numbers in the statutes of 1931, entitled "Workmen's Compensation Law;" but it does not set out such law. It merely asks that judicial notice be taken thereof. It is well

settled that the commissions and the courts of this State do not take judicial notice of the statutory laws of other States. Such laws must be proven before cognizance can be taken of them. The appellant-employer failed to plead or introduce any such laws in evidence or to make any competent proof of the existence of the same. Cognizance of them or of their existence can not therefore be taken or had in this proceeding. [Shout v. Gunite Concrete & Construction Co., *supra*.]

It would be taking a far shot to surmise that the deceased employee agreed to accept compensation alone under the laws of the State of Oklahoma without any proof of what those laws were or that they afforded compensation in the case of injury or that he had any knowledge of what such laws were.

The contract of employment having been made in this State and the Compensation Law of this State not having been rejected by either party, the provisions of the Workmen's Compensation Act of Missouri were written into the contract between the parties and must prevail in the absence of a notice of their rejection or an agreement sufficient to avoid their operation.

9. The construction of the contract contended for by the appellant-employer renders such contract, to say the least, ambiguous. The appellant-employer prepared such contract. The contract appears on its written form. In such case, all ambiguities must be resolved strongly against it; for the reason that it is responsible for ambiguities in its own expressions and has no right to induce another to contract with it on the supposition that its words mean one thing when it hopes that the courts will adopt a construction by which they will mean another thing more to its advantage. [13 C. J., p. 545.]

If the appellant-employer, in the preparation of a contract, has chosen a use of words that have a double meaning and that deceive the unwary and, in the construction of them, it seeks to turn and twist the meaning, intent, and purpose thereof to its advantage, then such efforts will be met, if necessary, by an exhibition of all of the feats known to the judicial Turnverein in order to find a justifiable construction that will favor the employee. In this effort, the law holds the shibboleth of fair play.

In adopting such rules of construction, the purpose is not to punish the employer or to deprive him of contractual rights or to impair the operation of a contract fairly and plainly expressed. The plain and laudable purpose is the pursuit of justice. [Kimbrough v. National Protective Insurance Ass'n, 225 Mo. App. 913, 35 S. W. (2d) 654; Belch v. Schott, 171 Mo. App. 357, 157 S. W. 658.]

The contract of employment having been made in this State and the Compensation Law of this State not having been rejected by

either party, the provisions of the Workmen's Compensation Act of Missouri were written into the contract between the parties and must prevail, unless in plain and unmistakable language it, within the meaning of Section 3310, Revised Statutes of 1929, otherwise provides. It is not so otherwise provided by the contract in question in this case, within the meaning of such section.

10. Under Section 3374 of our Compensation Act, we are required to give such construction to the provisions of the act as thereby the evident purpose of the act may be effectuated, where it can be given without the violation of fixed rules or principles of law. We are required to give a liberal construction to the provisions of such act with a view to the public welfare; and substantial compliance with such provisions is sufficient to uphold the award of the commission. [Elsas v. Montgomery Elevator Co., 330 Mo. 596, 50 S. W. (2d) 130; Pruitt v. Harker, 328 Mo. 1200, 43 S. W. (2d) 769; Allen v. St. Louis-San Francisco R. Co. (Mo. App.), 81 S. W. (2d) 447—same case, 338 Mo. 395, 90 S. W. (2d) 1050.]

11. Our courts have held that, in construing the Compensation Law, a doubt as to the right of compensation shall be resolved in favor of the employee. [Dennis v. Wrought Iron Range Co. (Mo. App.), 89 S. W. (2d) 127; Crane v. Leonard, Crossette & Riley (Mich.), 183 N. W. 204; Anderson v. Miller Scrap Iron Co., 169 Wis. 106.]

12. The appellant-employer, under our laws, was not privileged by a mere *ipse dixit* upon its part to absolve itself from liability under our Compensation Law for accident or injury to the employee without notice of the rejection of such law, given in the manner provided by our statute.

There was no notice given by the appellant-employer at any place or any time in accordance with the requirements of the Compensation Law of Missouri that it had rejected the Compensation Law of such State. It not only declared itself subject to such law in the contract between it and the employee, but it is upon the record conclusively presumed to be bound by such law.

The judgment of the circuit court of Jackson county affirming the award of the Workmen's Compensation Commission should be and is affirmed. It is so ordered. All concur.