CITY OF BUTLER, Respondent,

v.

Paul Edward KUECKER et al., Appellants.

No. KCD 28752.

Missouri Court of Appeals, Kansas City District.

Dec. 5, 1977.

Edward J. Murphy, Butler, for appellants.

Ralph E. Smith, Butler, for respondent.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

WASSERSTROM, Judge.

The City of Butler filed this declaratory judgment suit under the Sawyers Act, Sec. 71.015 RSMo 1969, in twelve counts to annex twelve separately described tracts. The trial court found against annexation as to Tracts Nos. 2, 5, 11 and 12 (referred to in the counts bearing those respective numbers), but found the proposed annexation under the other eight counts reasonable and necessary to the proper development of the City and approved the annexations of the areas described in the latter counts. Defendants appeal and assign error as to the approval of all eight counts sustained by the trial court.

In support of their appeal, defendants rely upon the following grounds: 1) that the evidence failed to show that the annexation proposals were reasonable and necessary to the proper development of the City; 2) that the evidence failed to show the ability of the City to furnish normal municipal services to the areas sought to be annexed within a reasonable time; 3) that the petition should have been dismissed for failure to state a claim upon which relief could be granted; and 4) that the trial court erroneously admitted Exhibit 28. Because Points 3 and 4 go to the case as a whole and affect all eight counts, those points will be considered first. Thereafter consideration will be given to defendants' Points 1 and 2.

## I.

### Failure to State a Claim

In connection with this argument, defendants rely upon the provision of Section 71.015 which requires that the City's petition state facts showing the area to be

annexed, that such annexation is reasonable and necessary to the proper development of the City, and that the City has the ability to furnish normal municipal services. They point out that each of the counts in the City's petition here merely sets forth the fact that the City has adopted a resolution which is attached to the petition and adopted by reference; and each count then goes on to state that the necessity for and the expediency of annexing each area is set forth in the resolution, and that the provisions which the City desires to make for the annexed area are also set forth in the resolution. Each of the twelve resolutions so attached and incorporated into the petition states only the determination by the City Council that the annexation is reasonable and necessary and that the City has ability to furnish normal services, together with a legal description of the respective tract. Defendants argue that these bare allegations do not constitute a statement of "facts" required by Sec. 71.015.

The only objection made by defendants at the trial level relating to this point was a general objection by motion and then a repetition of that objection in answer that the petition "failed to state a claim for which relief can be granted." At no time and in no way did defendants in the trial court make a specific objection to the lack of specificity in the petition. Much more importantly, they made no objection on this ground to the introduction of any evidence. Accordingly, the City's petition by operation of law has been amended to conform to the proof. Rule 55.33(b).

## II.

### Admission of Exhibit 28

■ The Exhibit in question consists of a large aerial map on which is marked a new proposed sewer system for the City of Butler. The basic map was part of an application made by the City to the Missouri Department of Natural Resources in order to obtain matching funds for a multi-million dollar sewer project proposed and sought to be built by the City. Lamberton, the witness through whom this exhibit was of-

fered, is a partner in a firm of consulting engineers who were retained by the City and who prepared the basic map as part of a larger report put together by them in 1973 and submitted to the Missouri Department of Natural Resources. The City passed a $410,000 bond issue in 1974 to fund its 10% share of the proposed sewer project, and the Department of Natural Resources has approved stages 1 and 2 of that project. Witness Woodard testified that a federal appropriation for this purpose was made.

Defendants' objection to Exhibit 28 at trial was that a very similar plan had been offered in evidence in *City of Butler v. Bock,* 492 S.W.2d 160 (Mo.App.1973), in which case this court held that the proposals as they existed in 1971 showed no more than "hopes, aspirations and great expectations." This court further held that "[t]here is no evidence that the Federal or State governments have become committed, again even conditionally, to aid in whatever might be needed by the City to expand its normal municipal services into the area." Defendants at the trial took the position that the present proposal and especially Exhibit 28 were equally speculative.

That objection is untenable. The City has now shown the "concrete factual bases" of a City bond issue, state approval of the first stages of the project, and inclusion of this project in a federal appropriation. It can no longer be said here, as was true in *Bock,* that there is no evidence of commitment by the federal or state governments. Exhibit 28 therefore pertains to a live proposal and tends to show what the City can reasonably expect to provide within a reasonable period.

■ Before this court, defendants shift ground and base the bulk of their complaint on the fact that witness Lamberton added onto Exhibit 28 just before the trial indications of lateral sewers which had not been drawn onto the map which had been presented to the Missouri Department of Natural Resources as part of the City application. No objection was made on this new ground in the trial court and therefore

should not be available to defendants in this court.

Moreover, Exhibit 28 taken as a whole, was of only slight importance to the City's case and that exhibit can be disregarded without affecting the result. On a court tried case such as this, it is practically impossible to predicate reversible error on the erroneous admission of evidence. The party advancing the contention must demonstrate the absence of sufficient competent evidence to support the trial court's decree. *Broyles v. Broyles,* 555 S.W.2d 696 (Mo.App.1977). That cannot be done in this case.

## III.

### *Reasonableness and Necessity to Development of the City*

In their argument at this point, defendants attempt to lump together all twelve tracts sought to be annexed by the petitioner. They say the propriety of annexation must be deemed ruled by *City of Butler v. Bock, supra,* unless the City can show a substantial change of condition since 1971 when the *Bock* case was tried, and defendants claim there are no such substantial changes.

Defendants' approach must be rejected. In *Bock,* the City was attempting to annex some 3,118 acres of land all as part of a single proposal. The result was that the City was either entitled to annex all of the 3,118 acres or nothing. *City of Bourbon v. Miller,* 420 S.W.2d 296 (Mo.banc 1967); *City of Rock Port v. Atchison County Cooperative Ass'n.,* 432 S.W.2d 317 (Mo.1968). That is not the present situation. In the present case, the City has reduced the acreage sought to be annexed to some 650 acres, and much more to the point even that smaller acreage is divided into 12 separate tracts, each of which is sought to be annexed pursuant to a separate resolution and in a separate count of the petition. Even though the single large area originally sought to be annexed in *Bock* was not reasonable and necessary, portions of that area may still be reasonably annexed. *City of*

*Ash Grove v. Davis,* 418 S.W.2d 194, l.c. 206 (Mo.App.1967).

Accordingly, each of the twelve tracts separately described in the twelve counts of the petition must be considered separately. In this consideration, we heed the rule that annexation is a legislative function and the scope of judicial review in such matters is to determine whether the reasonableness of the municipal legislation is fairly debatable; if so, it is conclusive on the courts. *City of Jefferson v. Smith,* 543 S.W.2d 547 (Mo.App.1976).

The trial court has already held the proposed annexation of tracts 2, 5, 11 and 12 to be unreasonable, and no appeal has been taken with respect to those counts by the City. Therefore, no further consideration need be given in this court as to those tracts. Of the remaining eight tracts, we have concluded that the evidence shows reasonableness and necessity as to tracts 3, 4, 6, 7, 8 and 10, but that reasonableness and necessity has not been shown as to tracts 1 and 9.

*Tract No. 3.* The notice of appeal states: "Notice is given that Defendants (Counts I, IV, VI, VII, VIII, IX and X) appeal from the Declaratory Judgment for Plaintiff (Counts I, IV, VI, VII, VIII, IX and X) entered in this action on the 7th day of April, 1976." In neither listing is mention made of Count III which relates to tract No. 3. Therefore, it is quite doubtful whether that tract is here for review. Assuming that it is, the evidence adequately shows the reasonableness and necessity for annexation of this tract.

Tract No. 3 in its entirety was acquired by Butler Development Corporation in 1972. That owner has developed a land use plan, which has been implemented at least to the extent of the opening of a Pizza Hut three months before the trial of this case. The president of Butler Development Corporation testified on behalf of the City and in favor of the annexation of its tract. This landowner particularly desires the assurance of City fire and police service. In view of the desires of the sole owner of this

tract, the plans for use which have been already partially implemented and the agreement of the City Council that this tract should be annexed, the annexation must be deemed reasonable and necessary to the proper development of Butler.

*Tract No. 4.* This tract has two shopping centers opened since 1971 and is served with electricity from the Butler municipal plant and also with city water. It has need of police protection and does in fact receive service from the Butler Police Department. These facts demonstrate that the area is adaptable to urban uses, that there has been a "spill over" of city functioning into the area, and that the area has a common interest with the City. These are factors justifying annexation. *City of Jefferson v. Smith, supra; City of Bourbon v. Miller, supra; City of Mexico v. Salmons,* 514 S.W.2d 102 (Mo.App.1974).

█ Moreover the annexation of this tract will serve to square off the city boundaries. Especially in view of the annexation of the adjacent land in tract No. 3, if tract No. 4 were not annexed, there would be created a deep salient of unincorporated land into the City territory. This making of the city boundaries more regular is a proper factor to be taken into account. *City of Aurora v. Empire District Electric Co.,* 354 S.W.2d 45 (Mo.App.1962).

*Tract No. 6.* This area has considerable industrial, commercial, recreational and residential development. Located here are Deems Equipment Co., Missouri Farmers Association, the Keller aluminum screen factory, a saw mill and a bowling alley. Housing is represented by Wix Addition. The Butler owned municipal water and electric plants furnish those utilities to this area. A fire hydrant behind Keller's is in place for use by the Butler Fire Department. Police protection is needed at Deems and at the bowling alley, and such protection is already being afforded by the Butler Police Department. These factors show adaptability to urban use, a spill over, and common interest. *City of Jefferson v. Smith, supra; City of Bourbon v. Miller, supra; City of Mexico v. Salmons, supra.*

*Tract No. 7.* This area has had considerable residential development. Located here are Sullivan's subdivision, the Tingler trailer court (also known as "Hooterville") and also other individual houses. This area receives electric power and water from the Butler municipally owned utilities. Also a city sewer extends into this area, which is something missing in many parts of the City proper. Police patrolling also extends into this area by the Butler Police Department. These factors adequately show adaptability, spill over, and common interest.

*Tract No. 8.* This tract is virtually entirely developed, much of that having occurred since the trial of the *Bock* case in 1971. Located here are the Linwood housing addition (part of which is in the City proper), the Buerge addition and the Hillcrest addition. The country club is located in this area as is also the Church Corporation nursing home which is partly inside and partly outside the present city limits. The City police provide patrolling, and the City furnishes electricity and water to the area. There is a fire hydrant in place which can be used by the Butler Fire Department, and there are also some city sewers. These facts adequately show adaptability, spill over and common interest.

*Tract No. 10.* This is a long narrow strip at the extreme northeast corner of Butler. There are some houses in this area, and they receive city water. A highway runs along the lengthy south border of this tract. The south portion of that highway (the eastbound portion) which has a speed limit of 35 miles per hour is controlled at present by the Butler Police Department, but the northern portion of the highway (westbound) which has a speed limit of 45 miles per hour is not so controlled. The reason for this anomaly is that the north side of the highway is not now within the city limits. With the annexation of tract No. 10, this unfortunate situation will come to an end. That alone argues strongly for the reasonableness and necessity of the annexation. Moreover, the annexation of this strip will serve to square off and make more regular the boundaries of the City.

*Tracts Nos. 1 and 9.* These two tracts, which should not be annexed, can be discussed together. Both of these tracts consist almost purely of undeveloped agricultural land. The only exception on tract No. 1 is the existence of six houses. Skelly Oil Company at one time considered the erection of a facility on this tract, but that has now been abandoned. While there has been little or no development in this tract, the immediately adjacent property already within the City is highly developable.

With respect to tract No. 9, the only things shown by the evidence to be there are two homes and a dirt race track on which is conducted "hill and dale racing." The tract is described in the record as "vacant scrub land."

The City has made no showing as to any reason or necessity for the annexation of these two tracts. Of the 1,438 acres now within the City before any annexation, 450 acres lie empty and undeveloped. As the mayor of Butler himself admitted: "There is plenty of undeveloped lots and all of that for construction of new homes and everything else in Butler as it exists in the present city limits, except for the sewer problem." If the sewer problem cannot be met, annexation will not help Butler. If the sewer problem is met, the City has ample land without resort to the annexation of tracts 1 and 9. Moreover, by virtue of the current annexation, the City will gain extensive new acreage by the additions of tracts 3, 4, 6, 7, 8 and 10. No need to the City has been shown for more, nor has any benefit from annexation been shown to tracts 1 or 9. The evidence as to these two tracts does not rise to a level sufficient to show even reasonable debatability support of annexation.

## IV.

### *Ability to Furnish Normal Services*

Defendants deny that the City has carried the burden of proving that it has the ability to furnish normal municipal services to the unincorporated area within a reasonable time. A review of the evidence shows to the contrary.

The City is not required to show some theoretically desirable level of city services to be furnished, but rather all that it must prove is that it will be in a position within a reasonable time to furnish to the annexed area the same level of municipal services which it is currently furnishing to its existing populace. *City of Jefferson v. Smith, supra; City of St. Ann v. Buschard,* 356 S.W.2d 567, 578 (Mo.App.1962).

The resolution adopted by the City Council of Butler to the effect that the City "has the ability to furnish normal municipal services to said unincorporated area within a reasonable time after the said annexation is to become effective" is important evidence to prove that it does have that ability. *City of St. Ann v. Buschard, supra.* That conclusion is further supported by the evidence in this record as to the reasonable prospect of availability of fire and police protection, the extension of water and electric service, and street maintenance. The most hotly contested issue as to the City's ability related to the matter of sewers, and with respect to that the City made an adequate showing that it is in the course of getting itself into a position to furnish that service by means of the new projected sewer system, to be built with federal and state financial assistance.

There is no substantial evidence to support the judgment on Counts 1 and 9, and the judgment on those counts is therefore reversed. With respect to the other counts, no error of law appears; the judgment in those respects is supported by the evidence and is not against the weight of the evidence, and the judgment on those counts is therefore affirmed. *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976).

All concur.